IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREI GRIGORYEV**, <br><br> Plaintiff, <br> v. <br><br> **WASHINGTON AND LEE UNIVERSITY**, <br><br> Defendant. | **Case No. 2:21-cv-1500** <br><br> **Judge Graham** <br><br> **Magistrate Judge Vascura** |

### OPINION AND ORDER

Pending before the Court is Defendant Washington and Lee University's motion to dismiss for lack of personal jurisdiction, Doc. 7. Plaintiff declined to file a response. Despite the lack of a response, the Court must examine the merits of Defendant's motion. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court finds personal jurisdiction wanting and so dismisses Plaintiff's action.

### I.     Background

Plaintiff is an Ohio resident and citizen who previously attended Defendant Washington and Lee University's law school in Lexington, Virginia. Washington and Lee is a non-profit, non-stock Virginia corporation.

Plaintiff alleges a series of events took place on or around Defendant's campus involving himself, other students, faculty, and staff members of Defendant's law school which ultimately led to his dismissal from the law school. He asserts four causes of action against Defendant: (1) breach of contract; (2) violation of Title IX of the Education Amendments of 1972; (3) negligent retention of employees; and (4) violation of fundamental fairness and fair dealing. Defendant does not

respond to Plaintiff's alleged facts. Instead, it moves for dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move for dismissal for lack of personal jurisdiction. A complaint survives a 12(b)(2) motion if the plaintiff makes a prima facie showing of personal jurisdiction. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). The Court is to construe the facts in a light most favorable to the nonmoving party. *Id.*

## III. Analysis

Plaintiff has declined to file a response brief or affidavit in support of personal jurisdiction. The Court is therefore limited to reviewing the allegations in his complaint. Plaintiff alleges in his complaint that the Court has personal jurisdiction over Defendant because it "is conducting business within the State of Ohio," "engaged in substantial, continuous and systematic contacts within the State of Ohio," and "engaged in substantial contacts with the State of Ohio in connection with the events [alleged in the complaint]." Doc. 1 at 4. The events alleged in the complaint occurred on or around Defendant's campus in Lexington, Virginia.

There are two types of personal jurisdiction – general personal jurisdiction and specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017). General personal jurisdiction exists in the state where "the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Corporations are fairly regarded as at home in their state of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Plaintiff does not assert that Defendant is incorporated or has its principal place of business in Ohio. He therefore has not made a prima facie showing of general personal jurisdiction.

Specific personal jurisdiction applies where personal jurisdiction is authorized by the law of the state in which the court sits and is in accordance with the Due Process Clause of the Fourteenth Amendment. *See Indus Trade & Tech., LLC v. Stone Mart Corp.*, No. 2:11-CV-637, 2011 WL 6256937, at *2 (S.D. Ohio Dec. 14, 2011). Ohio's long-arm statute lists situations under which personal jurisdiction exists. *See* Ohio Rev. Code § 2307.382. Among those situations are when the person "transact[s] any business in this state," or "caus[es] tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code § 2307.382(A)(1), (A)(4). Nowhere does Plaintiff assert that Defendant engaged in specific conduct in Ohio, related to his causes of action or otherwise, which would permit personal jurisdiction under Ohio's long-arm statute. To the contrary, all of Plaintiff's allegations concern events that took place on or around Defendant's campus in Virginia. Therefore, Plaintiff has failed to make a prima facie showing of specific personal jurisdiction.

## IV.    Conclusion

As explained above, Plaintiff has failed to make a prima facie showing of personal jurisdiction. Therefore, Defendant's motion to dismiss for lack of personal jurisdiction, Doc. 7, is **GRANTED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 19, 2022